IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRELL D. ANDERSON #62136-066      :
          Petitioner      :
                :
v.      :   CIVIL ACTION NO. AMD-07-1978
                :
JONATHAN C. MINER, *et al.*,      :
          Respondents      :

MEMORANDUM

Petitioner Tyrell D. Anderson, a state inmate currently confined at the United States Penitentiary in White Deer, Pennsylvania, filed the instant 28 U.S.C. § 2254 habeas corpus application on July 13, 2007.[1] Because it was unclear which convictions petitioner was challenging, the court ordered the Attorney General for the State of Maryland to respond.[2] Based on the response, it is now clear that petitioner is challenging his 2002 convictions and sentences in the Circuit Court for Baltimore City for narcotics offenses.[3] Document No. 1 and Document No. 4. For the reasons set out herein, this court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

On October 16, 2003, petitioner filed his first federal habeas action challenging his 2002 convictions and sentences. *See Anderson v. Sowers, et al.,* Civil Action No. AMD-03-2973. That action, which reiterated the four grounds for relief also raised on direct appeal, was dismissed with prejudice on March 18, 2004. *Id.*; *see also* Paper No. 4, Exhibit 1.

In this action, petitioner attempts to raise additional claims recently presented in state court in respect to his 2002 convictions and sentences. Paper No. 1. Accordingly, the instant petition

---

[1] Under the "prison mailbox rule," the petition is deemed filed on the date it was signed or delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

[2] The Attorney General does not represent USP-Allenwood Warden Jonathan C. Minor.

[3] Petitioner is serving a total sentence of 15 years. *See Anderson v. Sowers, et al.*, Civil Action No. AMD-03-2973, Memorandum of March 18, 2004, at 1, attached as Exhibit No. 1, Paper No. 4, in the instant case.

represents his second § 2254 federal habeas corpus attack.  Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioner may file a successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing consideration of petitioner's application. *See* 28 U.S.C. § 2244(b)(3)(A)("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Petitioner does not indicate whether he has complied with this "gatekeeper" provision.

The United States Court of Appeals for the Fourth Circuit has set forth instructions to file a motion to obtain the aforementioned authorization order. The procedural requirements for filing the motion are extensive.  The Clerk shall attach to this Memorandum the instructions promulgated by the Fourth Circuit should petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly, it shall be dismissed.  An Order follows.

Date: October 24, 2007                    /s/_____
                                          Andre M. Davis
                                          United States District Judge